UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MALCOME AHART,<br><br>        Petitioner,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Respondents. | 1:06-CV-00173 OWW LJO HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. #1] |

On February 16, 2006, Petitioner filed a petition for writ of habeas corpus in this Court.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes

1  to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to
2  42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
3  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
4  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

5  In this case, Petitioner claims deliberate indifference on the part of prison staff. Petitioner
6  seeks compensatory damages. Petitioner is challenging the conditions of his confinement, not the
7  fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this
8  petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by
9  way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

11  Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
12  DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
13  corpus relief. The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send
14  Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

15  This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United
16  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304
17  of the Local Rules of Practice for the United States District Court, Eastern District of California.
18  Within thirty (30) days after being served with a copy, any party may file written objections with the
19  court and serve a copy on all parties. Such a document should be captioned "Objections to
20  Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and
21  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
22  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
23  parties are advised that failure to file objections within the specified time may waive the right to
24  appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25  IT IS SO ORDERED.

26  **Dated:   May 30, 2006**          **/s/ Lawrence J. O'Neill**
    b9ed48                              UNITED STATES MAGISTRATE JUDGE